**Opinion issued November 15, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-11-00377-CR**
**NO. 01-11-00398-CR**

———————————

**JONATHAN HALL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 08-DCR-050712 & 10-DCR-054665**

---

**MEMORANDUM OPINION**

Appellant Jonathan Hall pleaded guilty to the felony offenses of burglary of a habitation with intent to commit sexual assault and aggravated sexual assault. *See* TEX. PENAL CODE ANN. §§ 22.021, 30.02(a)(1) (West 2011 & West Supp. 2012). The trial court found appellant guilty of both offenses and assessed

punishment at 30 years' confinement. After sentencing, appellant executed a waiver of his right to appeal with respect to matters related to his pleas of guilty. The trial court certified that appellant had waived the right to appeal matters pertaining to his pleas of guilty, and certified that appellant had the right to appeal matters from the punishment phase. Appellant timely filed notices of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, counsel's brief reflects that she delivered a copy of the brief to appellant and informed him of his right to examine the appellate records and to file

2

a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire records in these appeals, and we conclude that no reversible error exists in the records, that there are no arguable grounds for review, and that therefore the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d 827 & n.6.

In each appeal, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Carmen M. Roe must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).